# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-2315

_____

United States of America

*Plaintiff - Appellee*

v.

Chelsea Monique Taken Alive

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Western

_____

Submitted: June 8, 2026
Filed: August 11, 2026
[Unpublished]

_____

Before LOKEN, GRUENDER, and KELLY, Circuit Judges.

_____

PER CURIAM.

Chelsea Monique Taken Alive was indicted on five counts of drug- and firearm-related offenses. She pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute fentanyl, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B), and one count of possession with intent to distribute

fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and the government agreed to dismiss the remaining counts.

The parties' plea agreement included an appeal waiver, whereby Taken Alive agreed to waive her right to appeal all nonjurisdictional issues, with two exceptions: she could appeal if the court imposed a sentence "above the upper end of the applicable [G]uidelines range," and she could "appeal or [] collaterally attack the conviction or sentence based on a claim of ineffective assistance of counsel that challenges the validity of the guilty plea or th[e] waiver."

At sentencing, Taken Alive objected to the application of a specific offense characteristic: that she knowingly misrepresented or knowingly marketed as another substance a mixture or substance containing fentanyl. See USSG § 2D1.1(b)(13)(A). The district court[1] overruled the objection, applied the 4-level enhancement, and calculated a Guidelines range of 188 to 235 months. The court then imposed a sentence of 100 months. Taken Alive appeals, arguing the court erred in applying the § 2D1.1(b)(13)(A) enhancement.

The government asks that we dismiss Taken Alive's appeal based on the appeal waiver. We will enforce an appeal waiver if the defendant knowingly and voluntarily agreed to it; if the issue raised falls within the scope of the waiver; and if enforcing the waiver will not result in a miscarriage of justice. United States v. Andis, 333 F.3d 886, 889–90 (8th Cir. 2003) (en banc).

The record shows that Taken Alive entered into the plea agreement and appeal waiver knowingly and voluntarily, and she does not contend otherwise. Nor does she assert that the error she alleges falls outside the scope of the appeal waiver. Rather, she argues that enforcing the appeal waiver would result in a miscarriage of justice.

---

[1]The Honorable Daniel Mack Traynor, then United States District Judge of North Dakota, now United States Circuit Judge for the Eighth Circuit.

-2-

It is a miscarriage of justice to impose an illegal sentence, which includes sentences "not authorized by law." Andis, 333 F.3d at 892 (quoting United States v. Peltier, 312 F.3d 938, 942 (8th Cir. 2002)). And such an error would be obvious and "of the type that would undermine public confidence in the judiciary." Hunter v. United States, 146 S. Ct. 1702, 1713 (2026). Taken Alive asserts that the misapplication of a Guidelines provision may amount to an illegal sentence. But miscalculation of the Guidelines range is a procedural error, which falls within the scope of Taken Alive's appeal waiver. See id. ("[S]tandard-fare errors in misapplying sentencing law cannot cancel an appeal waiver."); see also United States v. Henry, 106 F.4th 763, 770–71 (8th Cir. 2024); Andis, 333 F.3d at 892 ("[A]n allegation that the sentencing judge misapplied the Sentencing Guidelines . . . is not subject to appeal in the face of a valid appeal waiver."). And here, the district court imposed a sentence below both the statutory maximum sentence and the calculated Guidelines range.

The appeal is dismissed.

_____